NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0847-16T2

FRANCIS SCARDILLO,

 Plaintiff-Appellant,

 v.

DAVID INNACCONE and POOL TOWN,

 Defendants,

 and

PM CONTRACTORS,

 Defendant-Respondent.
_____________________________________________________

 Submitted October 31, 2017 – Decided November 15, 2017

 Before Judges Fisher and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Ocean County, Docket No.
 L-3995-13.

 Escandon, Fernicola, Anderson & Covelli,
 attorneys for appellant (Robert M. Anderson,
 of counsel; Scott M. McPherson, on the brief).

 Charles A. Little, Jr., attorney for
 respondent.

PER CURIAM
 Plaintiff Francis Scardillo appeals a summary judgment that

dismissed her personal-injury complaint against defendant PM

Contractors. We affirm because, as a matter of law, plaintiff

could not establish PM's alleged wrongdoing proximately caused her

injuries.

 It is undisputed that plaintiff contracted with PM to install

a new fence on her property. Although apparently disputed, we

assume, as required by the applicable standard,1 that the parties'

contract required that PM remove the old fence and that PM failed

to do so. The adjoining property owner, defendant David Innaccone

asked plaintiff about the removal of the old fence. Plaintiff,

unaware the old fence had not been removed, pursued the matter

with PM but without immediate success.

 Plaintiff then took matters in her own hands. With Innaccone's

permission, plaintiff, her nephew, and her daughter's boyfriend,

walked around the new fence and onto Innaccone's property for the

purpose of removing the old fence. Plaintiff stepped into a hole

on Innaccone's property, fracturing an ankle and a toe.

 There is no allegation that the hole in Innaccone's property

was the result of PM's performance of the contract to install the

new fence. Plaintiff instead claims that PM is responsible for her

1
 Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

 2 A-0847-16T2
injuries because she would not have entered Innaccone's property

but for PM's failure to remove the old fence.

 The trial judge rejected this argument and granted summary

judgment in PM's favor. Plaintiff appeals,2 arguing the existence

of a triable issue as to whether it was foreseeable that plaintiff

would be injured due to PM's alleged failure to remove the old

fence.

 We find insufficient merit in plaintiff's argument to warrant

further discussion in this opinion, R. 2:11-3(e)(1)(E), and we

affirm substantially for the reasons set forth by Judge James Den

Uyl in his thorough and well-reasoned written decision.

 Affirmed.

2
 Plaintiff's claim against Innaccone was settled, and her claim
against defendant Pool Town was dismissed by way of a summary
judgment that has not been appealed.

 3 A-0847-16T2